# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN W. LAIRD,<br><br>                              Plaintiff,<br><br>v.<br><br>THE STANDARD LIFE INSURANCE COMPANY,<br><br>                              Defendant. | Case No: CIV-17-1172-HE<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff is a resident and citizen of the State of Oklahoma.

2. Defendant, The Standard Life Insurance Company is domiciled in and has their principal place of business in Portland, Oregon.

3. Plaintiff's claims against the Defendant are in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

4. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

5. Plaintiff is the beneficiary of a Dependent Life Insurance policy insuring the life of his spouse, Rhonda Kay Laird.

6. This policy was in full force and effect when Mrs. Laird passed away on August 7, 2017.

7. After Mrs. Laird's passing, Plaintiff promptly made a claim for policy benefits.

8. Defendant breached the insurance contract and breached the implied covenant of good faith and fair dealing in the handling of Plaintiff's claims, and as a matter of routine claim practice in the handling of similar claims by:

   a. taking premiums for this insurance for well over a year then using the excuse when the claim was made after the death of Plaintiff's wife that it didn't have the proper forms (which it never requested) and therefore the insurance was never effective;

   b. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that he was entitled to those benefits;

   c. failing to consider and comply with Oklahoma law including the reasonable expectations doctrine;

   d. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid since the policy was in force when Mrs. Laird passed away;

   e. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

   f. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

   h. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

   j. failing to properly evaluate any investigation that was performed;

   k. refusing to consider coverage for payment objectively in the best interest of their insured rather than the interest of only the insurance company; and,

      m.    intentionally failing and refusing to follow the known law of policy construction, including, but not limited to, resolving any contractual ambiguities in favor of their insured;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

      9.    As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered loss of the insurance coverage promised by Defendant, mental and emotional distress, embarrassment, anxiety, stress, frustration, duress, financial loss and other consequential damages.

      10.    Defendant' acts and omissions in violation of the implied covenant of good faith and fair dealing were grossly reckless and wanton and/or done intentionally and with malice and/or were life threatening to humans and, therefore, punitive damages are appropriate.

      11.    Plaintiff further respectfully demands a trial by jury.

**WHEREFORE**, Plaintiff, Steven W. Laird, prays for judgment against the Defendant, The Standard Insurance Company, for his damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**MANSELL ENGEL & COLE**

By: s/Steven S. Mansell
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail:  mec@meclaw.net

**ATTORNEYS FOR PLAINTIFF**